UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TANYA EDWARDS, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MAYOR TRANSPORTATION, LLC, AZA SOLIMAN, JOHN DOES 1 through 10, and ABC CO. 1 through 10. <br><br> Defendants. | Civil Action No. <br><br> **COMPLAINT** <br><br> **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** <br><br> **DEMAND FOR JURY TRIAL** |

Tanya Edwards ("Plaintiff"), on behalf of herself and all others similarly situated, by and through the undersigned counsel, The Law Offices of Thomas H. Andrykovitz, P.C., respectfully alleges the following:

**PRELIMINARY STATEMENT**

1. Plaintiff initiated this action to address intentional violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.* ("NJWHL"), and the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq.* ("NJWPA").

2. Defendant Mayor Transportation and Defendant Aza Soliman ("Defendant Soliman") (collectively "Defendants") terminated Plaintiff in violation of the Conscientious Employment Protection Act, N.J.S.A. 34:10-1 *et seq.* ("CEPA").

3. At all relevant times, Plaintiff and all others similarly situated, were employees of Defendants.

4. At all relevant times, Defendants deliberately failed to pay Plaintiff, and all others similarly situated, for all of their worktime.

5. Defendants terminated Plaintiff on or about March 26, 2023 in retaliation for Plaintiff's ongoing complaints about Defendants' refusal to pay her for all of the hours that she worked.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the state law claims under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq*. ("NJWHL"), the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq.* ("NJWPA"), and the Conscientious Employment Protection Act, N.J.S.A. 34:10-1 *et seq.* ("CEPA"), as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this District because Defendants conduct business in this District and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

8. Plaintiff is an adult resident of the State of New Jersey.

9. Plaintiff was employed by Defendants from September 2016 until she was fired by Defendants on or about March 26, 2023.

10. Defendant Mayor Transportation is a corporation with its principal office located at 191 North 13th Street, Newark, NJ 07107.

11. Defendant Mayor Transportation is an employer as defined by the FLSA (29 U.S.C. § 203(d)), with its principal place of business within the District of New Jersey.

12. Upon information and belief, Defendant Mayor Transportation purchased and handled goods moved in interstate commerce.

13. Upon information and belief, Defendant Mayor Transportation at all relevant times, has a gross volume of sales in excess of $500,000.00 per year.

14. Upon information and belief, Defendant Soliman is an individual who resides in the State of New Jersey.

15. At all relevant times, Defendant Soliman owned and managed Defendant Mayor Transportation.

16. Defendant Soliman identifies herself as President of Mayor Transportation, LLC.

17. Upon information and belief, Defendant Soliman is an owner of Defendant Mayor Transportation and is actively involved in the management of Defendant Mayor Transportation.

18. At all relevant times, Defendant Soliman managed Plaintiff and others similarly situated.

19. At all relevant times, Defendant Soliman set the work schedule of Plaintiff and others similarly situated.

20. Defendant John Does 1 through 10 are fictitiously named defendants, the identities of which are unknown at present, but who are liable to Plaintiff by reason of their knowing and joint participation in the conduct that damaged Plaintiff, and who aided and abetted, ratified, authorized, acquiesced in, approved or condoned the misconduct complained of in this complaint, and specifically, includes all individuals who participated in the illegal conduct referred to herein

and/or who engaged in intentional and/or reckless extreme and outrageous conduct, which caused Plaintiff harm.

21. Defendants ABC CO. 1 through 10 are fictitious entities, the identities of which are unknown at present, but that are liable to Plaintiff by reason of their knowing and joint participation in the conduct that damaged Plaintiff, pursuant to the doctrine of *respondeat superior*, or that are otherwise responsible to Plaintiff for the wrongful conduct referred to herein.

22. At all relevant times, Defendant Mayor Transportation, Defendant Soliman, Defendants John Does 1 through 10, and Defendants ABC CO. 1 through 10 (collectively "Defendants") were, and continue to be, each an enterprise engaged in commerce within the meaning of the FLSA.

23. At all relevant times to this action, Defendants were employers within the meaning of the FLSA, the NJWPA, and the NJWHL, because they exercised sufficient control of Mayor Transportation's day-to-day operations to be consider employers of Plaintiff and those similarly situated.

24. Defendants issued paystubs to Plaintiff, and others similarly situated, as "Mayor Services."

25. Defendants are jointly and severally liable.

**FLSA COLLECTIVE ALLEGATIONS**

26. Plaintiff brings Count 1 as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all hourly ("non-exempt") employees, including bus helpers and bus aides, employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case defined herein ("FLSA Collective Plaintiffs").

27. At all relevant times Plaintiff, and the members of the FLSA Collective, are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay them at the legally required minimum wage and/or otherwise failing to pay them for all hours worked. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

28. Count 1 is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants' records. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

29. Plaintiff brings state law claims for relief as Counts 3 and 4 pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all hourly ("non-exempt") employees of Defendants, including bus helpers and bus aides, on or after the date that is six years before the filing of the original Complaint in this case as defined herein (the "Class Period")

30. The Class is so numerous that joinder of all Class members is impracticable. Although the precise number of such persons is unknown and within the sole knowledge of Defendants. There was and is a high turnover rate of such persons. Plaintiff estimates that the Class exceeds thirty (30) members. The Class is sufficiently numerous to warrant certification.

31. The members of the Class are readily ascertainable. The number and identity of the Class members are determinable from Defendants' records. The hours assigned and worked,

positions held, and rates of pay for each Class member are also determinable from Defendants' records. For notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the Class members by first class mail to the last address known to Defendants or by posting signs in the workplace.

32. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which could be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and failing to pay for all hours worked. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

33. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by counsel who is experienced and competent in both class action litigation and employment litigation and has previously represented plaintiffs in wage and hour cases.

34. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class

members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual claims would result in a great expenditure of Court and public resources; however, treating the claims as a class actually would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

35. Upon information and belief, Defendants and other employers throughout the state violate the New Jersey Wage and Hour Law ("NJWHL"). Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

36. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendants employed Plaintiff and the Class members within the meaning of the New Jersey Wage and Hour Law.

   b. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work.

   c. Whether Defendants paid Plaintiff and the Class members the federal and state minimum wage for all hours worked.

   d. Whether Defendants properly compensated Plaintiff and Class members for overtime

## FACTUAL ALLEGATIONS

37. Defendants committed the following acts knowingly, intentionally, and willfully.

38. Based on the information preliminarily available, and subject to discovery in this case, Defendants did not compensate Plaintiff for all of her worktime.

39. Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA and the NJWHL, as described in this Complaint.

40. At all relevant times, Plaintiff and all similarly situated employees, were and are performing their duties for the benefit of and on behalf of Defendants.

41. At all relevant times, Defendants were aware of the provisions of the FLSA, the NJWHL, and the NJWPA.

42. At all relevant times, Defendant Soliman created, managed, oversaw, and was ultimately responsible for the personnel policies of Defendant Mayor Transportation, including the compensation policies that injured Plaintiff and all similarly situated employees.

43. Defendants knew that the nonpayment of wages would injure Plaintiff, and others similarly situated, and violate state and federal law.

44. From September of 2016 through March of 2023, Plaintiff was employed by Defendants as a "bus aide," also known as a "bus helper."

45. Defendants hired many bus helpers because there was a high turnover rate.

46. Plaintiff's duties were the same as others similarly situated and included a variety of tasks to help support the bus driver in providing the safe and proper transportation of all students to and from school.

47. At all relevant times, the work schedules of Plaintiff, and others similarly situated, were determined and set by Defendants.

48. Defendants did not track all of the worktime of Plaintiff, and others similarly situated. For example, Defendants did not use an electronic or mechanical time clock machine or similar device.

49. Defendants did not compensate Plaintiff, and others similarly situated, for the worktime Defendants did not track.

50. Defendants did not pay Plaintiff, and others similarly situated, for all the hours that they worked.

51. Plaintiff's paystubs do not list all of the hours that Plaintiff worked.

52. Upon information and belief, Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

53. At all relevant times, Defendants knew that Plaintiff, and others similarly situated, frequently worked more hours than they were being compensated for.

54. At all relevant times, the regularly scheduled shift for Plaintiff, and all similarly situated employees, began at 6:00AM when they entered the school bus at the bus yard.

55. At all relevant times, Plaintiff and others similarly situated would be required to arrive early to clean the buses and perform other tasks around the bus yard without compensation.

56. Plaintiff had an unpaid break between 9:00AM and 1:00PM.

57. Plaintiff resumed work at 1:00PM when she got back on the bus.

58. Plaintiff's shift ended at 5:00PM.

59. Defendants paid Plaintiff, and similarly situated employees, for fewer hours than they worked. For example, Plaintiff's shift was seven (7) hours, but Defendants only paid her wages for five (5) hours.

60. In 2016, Plaintiff was paid a regular hourly wage of $8.38.

61. In 2016, Defendants failed to pay Plaintiff for approximately 170 hours.

62. In 2017, Plaintiff was paid a regular hourly wage of $8.38.

63. In 2017, Defendants failed to pay Plaintiff for approximately 508.70 hours.

64. In 2018, Plaintiff was paid a regular hourly wage of $8.60.

65. In 2018, Defendants failed to pay Plaintiff for approximately 503.57 hours.

66. In 2019, Plaintiff was paid a regular hourly wage of $8.85 and $10.00.

67. In 2019, Defendants failed to pay Plaintiff for approximately 506 hours.

68. In 2020, Plaintiff was paid a regular hourly wage of $11.00.

69. In 2020, Defendants failed to pay Plaintiff for approximately 248 hours.

70. In 2021, Plaintiff was paid a regular hourly wage of $12.00.

71. In 2021, Defendants failed to pay Plaintiff for approximately 509.56 hours.

72. In 2022, Plaintiff was paid a regular hourly wage of $13.00.

73. In 2022, Defendants failed to pay Plaintiff for approximately 508.48 hours.

74. In 2023, Plaintiff was paid a regular hourly wage of $14.13.

75. In 2023, Defendants failed to pay Plaintiff for approximately 118 hours.

76. In 2016, Plaintiff first complained about her unpaid wages.

77. Plaintiff continued to complain regularly about her wages until her termination.

78. Other employees also complained that their paychecks did not reflect all of their worktime.

79. In early 2023, Plaintiff complained to Defendant Soliman about her unpaid wages.

80. In response to Plaintiff's complaint, Defendant Soliman told Plaintiff that Plaintiff's "compensable time does not begin until the first student gets on the bus."

81. On or about March 17, 2023, Plaintiff complained again to Soliman that Defendants had not paid Plaintiff for all of her worktime.

82. On March 22, 2023, Defendant Soliman suspended Plaintiff.

83. On March 26, 2023, Defendant Soliman terminated Plaintiff.

## COUNT 1
### (FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)
### (Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs Against all Defendants)

84. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

85. Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to the statutory minimum hourly wage for the hours she worked.

86. Defendants knowingly failed to pay Plaintiff the statutory minimum wage for all of the hours she worked.

87. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wage, Plaintiff has been damaged.

88. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

89. Throughout the statute of limitations period covered by these claims, Plaintiff regularly did not receive minimum wage for all of the hours she worked.

90. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff the minimum wage for all the hours she worked and willfully failed to keep records required by the FLSA and relevant regulations.

91. Defendants' unlawful conduct was willful within the meaning of the FLSA, 29 U.S.C. § 255(a), therefore a three-year statute of limitations applies.

92. Plaintiff seeks damages in the amount of her respective unpaid overtime compensation, liquidated (double) damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**COUNT 2**
**(New Jersey Wage and Hour Law Violations, N.J.S.A. § 34:11-56(a) *et seq.*)**
**(Brought by Plaintiff on Behalf of Herself and the Class Against All Defendants)**

93. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

94. Pursuant to the applicable provisions of the N.J.S.A. 34:11-56a(4), Plaintiff was entitled to the statutory minimum hourly wage for the hours she worked.

95. Defendants knowingly failed to pay Plaintiff the statutory minimum wage for all of the hours she worked.

96. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

97. As a result of Defendants' willful unlawful conduct, Plaintiff is entitled to damages in an amount to be determined at trial, liquidated damages and/or treble damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, all other damages available under New Jersey law, and such other legal and equitable relief as this Court deems just and proper.

### COUNT 3
**(New Jersey Wage Payment Law Violation N.J.S.A. 34:11-4.3 *et seq.*)**
**(Brought by Plaintiff on Behalf of Herself and the Class Against All Defendants)**

98. Plaintiff, on behalf of herself and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

99. At all relevant times, Defendants failed to pay Plaintiff the full amount of wages due to her at least twice during each calendar month, on regular paydays designated in advance, in violation of N.J.S.A. 34:11-4.2.

100. Defendants also failed to pay Plaintiff all wages due to her not later than the regular payday for the pay period in which she was terminated, in violation of N.J.S.A. 34:11-4.3.

101. As a result of Defendants' violations of the law and failure to pay Plaintiff all wages due, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid wages, along with interest and costs.

102. As a result of Defendants' willful unlawful conduct, Plaintiff is entitled to damages in an amount to be determined at trial, liquidated damages and/or treble damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, all other damages available under New Jersey law, and such other legal and equitable relief as this Court deems just and proper.

## COUNT 4
**(Conscientious Employment Protection Act, N.J.S.A. 34:10-1 *et seq.*)**

103. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

104. The Conscientious Employee Protection Act prohibits retaliation against an employee because she discloses, or threatens to disclose to a supervisor an activity, policy, or practice of the employer that the employee reasonably believes is in violation of a law, or a rule or regulation promulgated pursuant to law in violation of N.J.S.A. § 34:19-3.

105. As outlined above, Defendants retaliated against Plaintiff for complaining about her unpaid wages.

106. Plaintiff reasonably believed that this was illegal.

107. Plaintiff's complaint was the basis for Defendants' adverse employment action, which was Plaintiff's termination.

108. Plaintiff is entitled to judgment against Defendants, jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and those similarly situated, respectfully request the following relief:

A. An award of damages, according to proof, inclusive of lost wages, overtime, back pay, liquidated damages under the FLSA, and treble damages under the NJWHL, to be paid by Defendants;

B. Declare Defendants' conduct complained of herein to be in violation of Plaintiff's rights as secured by CEPA;

C. Penalties available under applicable laws, inclusive of civil penalties under New Jersey Law;

D. Costs of action incurred herein, including expert fees;

E. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.J.S.A. § 34:11-56a25, and other applicable statutes;

F. Pre-judgment and post-judgment interest, as provided by law;

G. Such other and further legal and equitable relief as this Court deems necessary just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Dated: New York, NY
September 1, 2023

                Respectfully submitted,

                **THE LAW OFFICES OF**
                **THOMAS H. ANDRYKOVITZ, P.C.**

          By: /s/ Thomas Andrykovitz
             Thomas H. Andrykovitz, Esq.
             260 Madison Avenue, 15th Floor
             New York, NY  10017
             T: 212-983-8999
             *Attorneys for Plaintiff*